NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001089
28-MAR-2013
08:13 AM

NO. CAAP-12-0001089

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


KB RESORT HOLDINGS, LLC; ANEKONA KBR LLC;
TASHIO HOLDINGS LLC; AXLE LLC; and MAX HOLDINGS, INC.,
Plaintiffs-Appellants,
v.
CADES SCHUTTE LLP; BERNICE LITTMAN;
DANIEL H. DEVANEY IV; and DOE DEFENDANTS 1-10,
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-2033-07)


ORDER GRANTING JANUARY 31, 2013 MOTION TO DISMISSING
INTERLOCUTORY APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Upon review of (1) Defendants/Counterclaim-Plaintiffs/
Appellees Cades Schutte LLP, Bernice Littman, and Daniel H.
Devaney IV's (collectively referred to as "Appellees Cades
Schutte, Littman and Devaney") January 31, 2013 motion to dismiss
this interlocutory appeal for lack of appellate jurisdiction,
(2) Plaintiffs/Counterclaim-Defendants/Appellants KB Resort
Holdings, Anekona KBR LLC, Tashio Holdings LLC, Axle LLC, and Max
Holdings, Inc.'s (collectively referred to as "Appellants

KB Resort, Anekona, Tashio, Axle, and Max"), February 5, 2013 memorandum in opposition to Appellees Cades Schutte, Littman and Devaney's January 31, 2013 motion to dismiss this interlocutory appeal for lack of appellate jurisdiction, and (3) the record, it appears that we do not have appellate jurisdiction under Hawaii Revised Statutes (HRS) § 641-1 (1993 & Supp. 2012) to review the following two appealed orders that the Honorable Karl K. Sakamoto entered in this case:

    (1)   an October 24, 2012 "Order Denying in Part and Granting in Part defendants' Motion to Dismiss, Filed September 4, 2012" (hereinafter referred to as "the October 24, 2012 dismissal order") that purportedly dismissed part of Count 2 of Appellants KB Resort, Anekona, Tashio, Axle, and Max's complaint; and

    (2)   a December 13, 2012 "Order Denying in Part and Granting in Part Plaintiffs' Motion for Reconsideration of Order Denying in Part and Granting in Part Defendants' Motion to Dismiss, or in the Alternative, for Leave to File an Interlocutory Appeal of the Dismissal of Direct Claims in Count II of the Complaint, Filed November 9, 2012" (hereinafter referred to as "the December 13, 2012 order").

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement under HRCP Rule 58, the Supreme Court of Hawaiʻi has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d

2

1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted). Furthermore, even if the circuit court reduces the order to a separate judgment, "an appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. at 119, 869 P.2d at 1338 (emphasis added); Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994).

If the October 24, 2012 dismissal order did not completely resolve all of Count 2 of Appellants KB Resort, Anekona, Tashio, Axle, and Max's complaint, then the circuit court was correct in not reducing the October 24, 2012 dismissal order to a separate judgment on one or more but fewer than all claims pursuant to HRCP Rule 54(b). Under HRCP Rule 54(b),

> the power of a lower court to enter a certification of finality is limited to only those cases where (1) more than one claim for relief is presented or multiple parties (at least three) are involved, . . . and (2) the judgment entered completely disposes of at least one claim or all of the claims by or against at least one party.

Elliot Megdal and Associates v. Daio USA Corporation, 87 Hawai'i 129, 133, 952 P.2d 886, 890 (App. 1998) (citations omitted; emphasis added).

Instead, the circuit court entered the December 13, 2012 order, which purported to authorize Appellants KB Resort, Anekona, Tashio, Axle, and Max to assert an interlocutory appeal

3

from the October 24, 2012 dismissal order.  We infer that the circuit court purported to authorize the interlocutory appeal pursuant to HRS § 641-1(b), which provides the following:

> (b) Upon application made within the time provided by the rules of court, an appeal in a civil matter may be allowed by a circuit court in its discretion from an order denying a motion to dismiss or from <u>any interlocutory</u> judgment, <u>order</u>, or decree <u>whenever the circuit court may think the same advisable for the speedy termination of litigation before it</u>.  The refusal of the circuit court to allow an appeal from an interlocutory judgment, order, or decree shall not be reviewable by any other court.

(Emphases added).

However, Appellants KB Resort, Anekona, Tashio, Axle, and Max's December 18, 2012 notice of appeal is not be timely under Rule 4(a)(1) of the Hawaiʻi Rules of Appellate Procedure (HRAP).  The Supreme Court of Hawaiʻi has interpreted the combination of HRS § 641-1(b) and HRAP Rule 4(a)(1) as follows:

> We have interpreted HRAP Rule 4(a)(1)'s requirement that the notice of interlocutory appeal be filed "within 30 days after the date of entry of the . . . . order appealed from" to mean that . . . [i]t is necessary for a party wanting to take an interlocutory appeal to move for an <u>order allowing the appeal, for the court to enter the order</u> and for the appellant to file the notice of appeal <u>all within 30 days from the filing of the order appealed from</u>, unless the time for appeal is extended pursuant to HRAP Rule 4(a)(5).

<u>State v. Irvine</u>, 88 Hawaiʻi 404, 406, 967 P.2d 236, 238 (1998) (some emphasis added; citation and block quotation format omitted).  "The order appealed from on an interlocutory appeal is not made final, for any purpose, by the allowance of the interlocutory appeal and <u>the time period runs from the entry of the order, not from the allowance of the appeal</u>."  <u>King v. Wholesale Produce Dealers Ass'n of Hawaii</u>, 69 Haw. 334, 335, 741 P.2d 721, 722 (1987) (emphasis added).[1]  Thus, for example, we

---

[1]     The holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawaiʻi 115, 869 P.2d 1334 (1994) overruled part of the holding in <u>King v. Wholesale Produce Dealers Ass'n of Hawaii</u>, 69 Haw. 334, 741 P.2d 721 (1987).  <u>Oppenheimer v. AIG Hawaii Ins. Co.</u>, 77 Hawaiʻi 88, 93, 881 P.2d 1234, 1239 (1994).  Nevertheless, the holding in <u>Jenkins</u> "does not appear to disturb the

have held that we did not have jurisdiction over an appeal from an interlocutory order pursuant to HRS § 641-1(b) when "the court did not enter its written order allowing an interlocutory appeal within thirty days of the entry of the order from which Plaintiffs wished to appeal, despite Plaintiffs' prompt motion for such an order." Kohala Agriculture v. Deloitte & Touche, 86 Hawai'i 301, 311, 9494 P.2d 141, 151 (App. 1997) ("Therefore, we conclude that Plaintiffs' appeal of the [interlocutory] order was untimely and we are without jurisdiction of that appeal.").

In the instant case, the entry of the October 24, 2012 dismissal order (and not the entry of the December 13, 2012 order purporting to authorize an interlocutory appeal) triggered the thirty-day time period under HRAP Rule 4(a)(1) for filing an interlocutory appeal pursuant to HRS § 641-1(b). Appellants KB Resort, Anekona, Tashio, Axle, and Max did not file their December 18, 2012 notice of appeal within thirty days after entry of the October 24, 2012 dismissal order, as HRAP Rule 4(a)(1) required under the holdings in King v. Wholesale Produce Dealers Ass'n of Hawaii and State v. Irvine. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP].").

In addition to the untimeliness of this appeal, the October 24, 2012 dismissal order and the December 13, 2012 order do not satisfy the requirements for an interlocutory appeal

---

holding in King with respect to HRS § 641-1(b)." Kohala Agriculture v. Deloitte & Touche, 86 Hawai'i 301, 311 n.19, 9494 P.2d 141, 151 n.19 (App. 1997).

5

pursuant to HRS § 641-1(b). According to the Supreme Court of Hawai‘i, the circuit court must do more than simply enter an order granting a motion for leave to file an interlocutory appeal from an interlocutory order pursuant to HRS § 641-1(b); the circuit court must also include within the order an express conclusion that the interlocutory appeal is advisable for the speedy termination of the litigation, and the circuit court must additionally set forth in the order its reasons for that conclusion:

> If any order is entered, other than a final judgment, and a party moves for an interlocutory appeal pursuant to HRS § 641-1(b) . . . , the trial court shall carefully consider the matter of whether it thinks an interlocutory appeal will more speedily determine the litigation and, if it so concludes, will set forth, in the order allowing the appeal, its reasons for that conclusion.

Mason v. Water Resources International, 67 Haw. 510, 511-12, 694 P.2d 388, 389 (1985) (emphases added). In determining whether to certify an order for an interlocutory appeal, the circuit court's

> discretion is not unfettered but is circumscribed; it is limited to those appeals "whenever the circuit court may think the same advisable for the speedy termination of litigation." The words "speedy termination" are therefore crucial to the determination of whether the trial court exercised its discretion properly. Although these words are not specifically defined in the statute, they are not to be read in isolation but are to be read in the context of the nature and purpose of HRS § 641-1 and the previous admonitions by this court. The saving of time and litigation expenses, without more, do not meet the requirement of speedy termination. . . . On the other hand, if the appeal may put an end to the action, obviously the requirement is met.

Lui v. City and County of Honolulu, 63 Haw. 668, 671-72, 634 P.2d 595, 598 (1981) (footnote omitted; emphases added). Consequently, the Supreme Court of Hawai‘i dismissed an interlocutory appeal for lack of appellate jurisdiction where a circuit court judge did not provide an express "determin[ation] that an interlocutory appeal from the orders entered would more speedily terminate the litigation. He simply said he would allow

6

an interlocutory appeal without expressing any determination on the matter." McCabe v. Berdon, 67 Haw. 178, 180, 681 P.2d 571, 572 (1984).

Similarly in the instant case, the December 13, 2012 order purports to authorize Appellants KB Resort, Anekona, Tashio, Axle, and Max to assert an interlocutory appeal from the October 24, 2012 dismissal order without providing any express conclusion that the interlocutory appeal is advisable for the speedy termination of the litigation. The December 13, 2012 order also does not set forth any reasons that would support a conclusion that the interlocutory appeal is advisable for the speedy termination of the litigation. In other words, because the December 13, 2012 order does not satisfy the requirements under HRS § 641-1(b) for authorizing an interlocutory appeal under the holdings in Mason v. Water Resources International, Lui v. City and County of Honolulu, and McCabe v. Berdon, the October 24, 2012 dismissal order is not eligible for an interlocutory appeal under HRS § 641-1(b). Consequently, we lack appellate jurisdiction over appellate court case number CAAP-12-0001089, and Appellants KB Resort, Anekona, Tashio, Axle, and Max's appeal is premature.

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action. Without jurisdiction, a court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal.

Housing Fin. and Dev. Corp. v. Castle, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); Peterson v. Hawaii Electric Light Company, Inc., 85 Hawai'i 322, 326, 944 P.2d 1265,

7

1269 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999); <u>Pele Defense Fund v. Puna Geothermal Venture</u>, 77 Hawai'i 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994).  Therefore,

IT IS HEREBY ORDERED that Appellees Cades Schutte, Littman and Devaney's January 31, 2013 motion to dismiss this interlocutory appeal for lack of appellate jurisdiction is granted, and appellate court case number CAAP-12-0001089 is dismissed.

DATED: Honolulu, Hawai'i,  March 28, 2013.

Chief Judge

Associate Judge

Associate Judge

8